IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS | § | Case Number: 2:01cr14(1) |
| | § | |
| CHARLES ALLEN JONES | § | |

REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

On July 21, 2009, the court held a final hearing on the government's petition (#25) to revoke supervised release.  The government was represented by Assistant United States Attorney  Richard Moore.  The defendant was represented by Mr. Wayne Dickey.

Charles Allen Jones was sentenced on March 21, 2002, before The Honorable U.S. District Judge David Folsom of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Felon in Possession of a Firearm, 18 U.S.C. § 922(g).  This offense carried a statutory maximum imprisonment term of 10 years.  The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of V, was 70 to 87 months.  Charles Allen Jones was subsequently sentenced to 72 months imprisonment to be followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include participation in a program of drug testing, not possessing a controlled substance, and refraining from any unlawful use of a controlled substance.  On January 12, 2007, Charles Allen Jones completed his period of imprisonment and began service of the supervision term.

On June 16, 2009, the instant petition to revoke was filed.  In its petition, the government alleges the defendant violated the following conditions:

1) Mandatory.  The defendant shall not commit another federal, state or local crime.

Specifically, the government alleges as follows: On or about June 4, 2009, Mr. Jones committed the offense of Possession of Controlled Substance PG1>1=1G<4G, a third degree felony, in Morris County, Texas. Mr. Jones was released from the Morris County Jail on a $5,000 surety bond for the offense.

2) <u>Mandatory</u>. The defendant shall not illegally possess a controlled substance. Specifically, the government alleges as follows: On or about June 4, 2009, Mr. Jones committed the offense of Possession of Marijuana <2 oz., a class B Misdemeanor, in Morris County, Texas.

3) <u>Mandatory</u>. The defendant shall refrain from any unlawful use of a controlled substance. Specifically, the government alleges as follows: Mr. Jones submitted urine specimens which tested positive for marijuana on January 29, May 5, May 11 and June 2, 2009.

At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the second and third mandatory allegations as set forth above. The government abandoned the first mandatory allegation. Based on the defendant's plea of true to the remaining allegations, and with no objection by the defendant or the government, the court found that the defendant did violate the conditions of his supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be sentenced to 18 months of imprisonment with no supervised release to follow.

Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the second and third mandatory allegations as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to the allegations, it is further recommended that the court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be sentenced to a term of 18 months imprisonment with no supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in its FCI Carswell - Fort Worth, Texas, facility during the period of his confinement.

At the close of the July 21, 2009, revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the Court may act on the report and recommendation immediately.

SIGNED this 30th day of July, 2009.


_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE